**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT COVINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>  v.<br><br>$11,000 IN UNITED STATES CURRENCY<br><br>    Defendant,<br><br>and<br><br>CHARLES L. CLARKE, II<br><br>    Claimant. | Civil Action No. 2:14-cv-00125-WOB-JGW<br><br>**CLAIMANT'S MOTION FOR**<br>**SPOLIATION SANCTIONS** |

Claimant Charles L. Clarke, II respectfully requests that Plaintiff United States be sanctioned for spoliating key evidence in this civil action to forfeit $11,000 seized from Clarke. In support of this motion, Claimant submits the accompanying memorandum and states as follows:

1. On February 17, 2014, Cincinnati/Northern Kentucky Airport Police Detective Christopher Boyd and Drug Enforcement Administration Task Force Agent William T. Conrad seized Claimant's $11,000 based primarily on alleged marijuana odors emanating from his luggage and a dog alert to the seized currency.

2. Because the United States failed to preserve the alleged marijuana odor or the currency, Clarke is entitled to sanctions.

3. First, the United States had a duty to preserve the odor and currency because it knew this evidence was at least potentially relevant to litigation. *See, e.g.*, *Byrd v. Alpha Alliance Ins. Corp.*, 518 F. App'x 380, 382 (6th Cir. 2013) (unpublished op.). This duty was reinforced by federal policy requiring the preservation of evidence.

4. Second, the United States negligently and knowingly failed to preserve evidence. *See Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 554 (6th Cir. 2010).

5. Third, the destroyed evidence was relevant, as the United States concedes by relying on it. *See Beaven*, 622 F.3d at 555 (holding defendants' reliance on the spoliated evidence demonstrated it "was clearly relevant").

6. The United States' spoliation prejudiced Clarke by denying him access to important evidence.

7. In light of the United States' negligence and the prejudice it causes, Claimant requests three adverse inferences:

    (1) the odor on Mr. Clarke's bags was of burnt—not raw—marijuana;

    (2) the strength of the odor on Mr. Clarke's bags was consistent with personal use of marijuana; and

    (3) Agent Conrad's dog alerted to the seized currency because Mr. Clarke had smoked marijuana earlier that day.

8. Alternatively, this Court should preclude all testimony by the United States regarding the type or strength of the odor of marijuana, as well as the dog alert to the seized currency.

9. These sanctions are sought in good faith and with good cause.

10. For the foregoing reasons, Claimant respectfully requests this Court to grant this motion and impose any other sanction the Court deems necessary. *See Adkins v. Wolever*, 554 F.3d 650, 653 (6th Cir. 2009) ("[I]t is within a district court's inherent power to exercise broad discretion in imposing sanctions based on spoliated evidence.").

11.    A Proposed Order granting this motion is attached.

Respectfully submitted,

/s/ *Darpana M. Sheth*
Darpana M. Sheth*
Renée D. Flaherty*
Institute for Justice
901 N. Glebe Road, Suite 900
Arlington, VA 22203
Phone:  (703) 682-9320
Fax:     (703) 682-9321
Email:  dsheth@ij.org
         rflaherty@ij.org
*Admitted pro hac vice*

Christopher D. Wiest (KBA 90725)
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
Phone:  (513) 257-1895
Fax:     (859) 495-0803
Email:  chris@cwiestlaw.com

*Attorneys for Claimant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2016, a true and correct copy of the foregoing **CLAIMANT'S MOTION FOR SPOLIATION SANCTIONS** was filed via the CM/ECF system, which will provide notice of service upon all counsel and attorneys of record.

/s/ *Darpana M. Sheth*
Darpana M. Sheth